UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA            :           NOT FOR PUBLICATION
                                                    :
                                                    :           MEMORANDUM AND ORDER
    - against -                                     :
                                                    :           91-CR-838 (CBA)
                                                    :
HOANG HUY NGO,                                      :
                                                    :
                Defendant.                          :
                                                    :
----------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE

Before the Court is defendant Hoang Huy Ngo's motion to modify his sentence pursuant to 18 U.S.C. § 3582. For the reasons set forth below, that motion is denied.

**I.      Background**

On January 21, 1991, Ngo was incarcerated on a New York state attempted robbery charge. On May 9, 1991, he was sentenced to a four and a half year term of imprisonment on that state charge. While serving his state sentence, Ngo was indicted on federal charges and was transferred to federal custody until July 29, 1992, when he was returned to state custody. Following a jury trial, Ngo was convicted of racketeering, racketeering conspiracy and a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 1962 (c) and (d). On July 30, 1992, Ngo was sentenced to 188 months imprisonment on those federal charges. On October 16, 1992, after the completion of his state term of imprisonment, Ngo was transferred back to federal custody.

In the federal judgment and commitment order, this Court ordered that Ngo's federal sentence run concurrently to his state sentence, such that from July 30, 1992, the dated of imposition of his federal sentence, until October 16, 1992, the date of completion of his state sentence, Ngo received credit towards his federal sentence while in state custody. In addition,

according to Bureau of Prison records, Ngo appears to have received credit towards his federal sentence for the time spent in state custody prior to the imposition of the state sentence. That is, because Ngo did not receive credit towards his state sentence for the time spent incarcerated between January 21, 1991 and May 9, 1991, he received credit towards his federal sentence. (See Def. Section 3582 Motion, Attachment B.) However, Ngo did not receive credit towards his federal sentence for the time spent incarcerated after the imposition of his state sentence but before the imposition of his federal sentence. In the instant motion, Ngo seeks an adjustment to his sentence, pursuant to 18 U.S.C. § 3582(c)(2), to account for that time.

## II.     Discussion

On March 5, 2004, Ngo submitted an application seeking to adjust his federal sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon amendments to the United States Sentencing Guidelines. In particular, Ngo sought to adjust his federal sentence pursuant to Amendment 660, which went into effect on November 1, 2003, and which makes amendments to U.S.S.G. § 5G1.3 and 5K2.23 that affect the computation of discharged and undischarged terms of imprisonment. Section 3582(c)(2) authorizes the modification of a sentence based on a sentencing range that has subsequently been reduced by the Sentencing Commission. See 28 U.S.C. § 3582(c)(2); United States v. Argitakos, 862 F.2d 423, 424 (2d Cir. 1988). Under the law of this Circuit, in order for any Guidelines amendment to warrant a sentence reduction under Section 3582(c), it must be expressly listed in U.S.S.G. § 1B1.10(c). See United States v. Perez, 129 F.3d 255, 258-59 (2d Cir. 1997); United States v. Ramirez, 305 F. Supp. 2d 365, 368 (S.D.N.Y. 2004) (holding that amendments not listed in U.S.S.G. § 1B1.10(c) may not be retroactively applied under Section 3582(c)(2)); Santiago v. United States, 2004 WL 1554933, *2 (E.D.N.Y. Jun 29, 2004) ("An amendment not listed in § 1B1.10 may not be applied retroactively."). Amendment 660,

which post-dated Ngo's sentence by more than ten years, is not listed in U.S.S.G. § 1B1.10(c) and is therefore not retroactive. See Matera v. United States, 2006 WL 2053314, *1 (S.D.N.Y. Jul 21, 2006) (stating that Amendment 660 is not "listed in U.S.S.G. § 1B1.10 . . . [and cannot] be the basis of a § 3582(c)(2) modification."). Accordingly, because Amendment 660 is not listed in Section 1B1.10, it cannot form the basis of a Section 3582(c)(2) reduction in sentence.

In addition, Ngo does not appear to argue that the Bureau of Prisons erred in calculating his credits. Such an argument would be made pursuant to 28 U.S.C. § 2241, not Section 3582(c). This Court cannot re-characterize a defendant's Section 3582 motion into a Section 2241 petition without defendant's prior permission. See Simon v. United States, 359 F.3d 139, 144-45 (2d Cir. 2004). However, in his reply papers, Ngo indicated that he wished to pursue a Section 3582 motion, as opposed to a Section 2241 petition. (See Def. Reply Br. at 5 ("[T]he government has suggested that Movant seek redress . . . through 28 U.S.C. § 2241. . . . Movant, would ask the Court to . . reach its own conclusion as to whether [Amendment 660] is, or is not, a permissive venue to seek redress.").) Accordingly, this Court cannot consider an argument that the Bureau of Prisons erred in calculating Ngo's credits pursuant to a motion made under Section 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for a reduction in sentence pursuant to Section 3582 is denied.

SO ORDERED

Dated: Brooklyn, New York
February 8, 2007

Carol Bagley Amon
United States District Judge